UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES BUNDY,            )<br>                         )<br>         Petitioner    )<br>                         )<br>     v.                  )<br>                         )<br> ED BUSS,                )<br>                         )<br>                         )<br>         Respondent    ) | CAUSE NO. 3:06-CV-474 RM |

<u>OPINION AND ORDER</u>

James Bundy, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his 180 day loss of good time in case ISP 05-07-0122 on July 25, 2005 by the Conduct Adjustment Board at the Indiana State Prison.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Mr. Bundy attempts to raise three grounds in this challenge: the decision maker's impartiality, the board's refusal to permit him to present witnesses and evidence, and the board's lack of a written statement of the evidence relied upon. Mr. Bundy states in his petition that he did not present the third ground because he was more interested in other issues at that time. A review of his appeal to the Final Reviewing Authority demonstrates that he did not raise his first ground either. He didn't question the impartiality of the decision maker, though he clearly questioned the sufficiency of the evidence against him.

"[T]o exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the . . . Final Reviewing Authority . . .." Moffat v. Broyles, 288 F.3d 978, 982 (7th Cir. 2002). With Mr. Bundy having not done so, the two unpresented grounds are procedurally defaulted. "[P]rocedural default . . . precludes consideration of this theory under § 2254 unless the prisoner can show cause and prejudice . . .." Moffat v. Broyles, 288 F.3d 978, 982 (7th Cir. 2002).

> [T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [his] efforts to [present his issues for administrative review].

Murray v. Carrier, 477 U.S. 478, 488 (1986).

Mr. Bundy's argument that he was more interested in other issues is not an objective external factor and it is not cause for not raising two of his current grounds to the Final Reviewing Authority. Therefore procedural default precludes consideration of his first and third grounds. Nevertheless, the supporting facts for his impartiality argument in this habeas corpus petition focus on the sufficiency of the evidence and do not otherwise address the question of the impartiality of the decision maker. Therefore, in the interests of justice and because the sufficiency of the evidence was clearly raised to the Final Reviewing Authority, the court addresses the question of the sufficiency of the evidence.

Mr. Bundy argues that he didn't know that a weapon was hidden in his cabinet door and that he had only been in that cell for about two weeks, but that is not relevant to what this court may decide. "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."

Superintendent v. Hill, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 457 (1985). Therefore, "once the court has found the evidence reliable, its inquiry ends - it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." Viens v. Daniels, 871 F.2d 1328, 1335 (7th Cir. 1989).

Mr. Bundy says a weapon was found hidden in the cabinet door in his cell. This is some evidence that he is guilty of possessing a weapon. *See* Superintendent v. Hill, 472 U.S. 445, 456-57 (1985) (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); Hamilton v. O'Leary, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting

disciplinary action); Mason v. Sargent, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates).

Finally, Mr. Bundy argues that he requested, but was denied, a finger print analysis of the weapon, a lie detector test, and a voice stress analysis test. An inmate is not constitutionally entitled to such testing as a part of a disciplinary hearing. *See* Freitas v. Auger, 837 F.2d 806, 812 n.13 (8th Cir. 1988).

For the foregoing reasons, the court DISMISSES the habeas corpus petition pursuant to Habeas Corpus Rule 4.

SO ORDERED.

ENTERED: October  2 , 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United State District Court